**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: ______________________

LL-LDN Ltd d/b/a LL&Co.,
a United Kingdom limited company,

Plaintiff,

v.

888 Brickell Owner LLC,
a Delaware limited liability company,

Defendant.
__________________________________________/

## COMPLAINT

Plaintiff, LL-LDN Ltd, a United Kingdom limited company d/b/a LL&Co. ("LL&Co."), files this Complaint against Defendant, 888 Brickell Owner LLC, a Delaware limited liability company ("888 Brickell").

## INTRODUCTION

This matter presents a straightforward case involving a defendant who has unjustifiably refused to satisfy LL&Co.'s outstanding invoices while continuing to benefit from the quality work product created and delivered by LL&Co.

Defendant, 888 Brickell, engaged LL&Co. to prepare computer-generated imagery ("CGI") and virtual reality ("VR") experiences to be used in promoting and marketing 888 Brickell's new building currently in development—the Dolce&Gabbana Miami. As requested by Defendant, LL&Co. prepared several VR walkthrough experiences for portions of 888 Brickell's building, including the lobby, ballroom, and pool deck area. These VR experiences were to be

used by 888 Brickell for promoting and marketing the building to its clientele, who would be able to experience and witness the beauty and scale of the development before it even broke ground.

888 Brickell did not indicate or raise any issues with the VR deliverables when they were finished and delivered by LL&Co. in August 2024. To the contrary, 888 Brickell praised LL&Co. for the services provided, expanded LL&Co.'s scope of work, used LL&Co.'s work product on its social media channels, and even secured investors using LL&Co.'s marketing materials. And, still, to this day, after having provided all requested deliverables to 888 Brickell, and after having received countless false promises of forthcoming payments, LL&Co. has not been paid in full for the services performed for the benefit of 888 Brickell giving rise to this lawsuit.

**<u>JURISDICTION AND VENUE</u>**

1. This is a civil action seeking damages.

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000 and is between a citizen of the State of Delaware and a citizen of a foreign state.

3. The Court has personal jurisdiction over Defendant because Defendant is doing and has been doing business continuously in the State of Florida and because Defendant breached a contract in the State of Florida.

4. In addition, the Court has personal jurisdiction over Defendant pursuant to the parties' Consultancy Agreements, in which Defendant "irrevocably consent[ed], for [itself] and [its] legal representatives, partners, successors and assigns, to the jurisdiction of the courts of the State of Florida and the United States District Court for the Southern District of Florida for all purposes in connection with any proceeding which arises from or relates to th[e Consultancy] Agreement[.]" Ex. 1, § 7.1.

5. Moreover, the Court has personal jurisdiction over Defendant pursuant to the parties' Vendor Agreements, in which Defendant "irrevocably and exclusively submit[ted] to the personal jurisdiction of the court of appropriate jurisdiction in the State of Florida, Miami-Dade County[.]" Ex. 2, § 10.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to LL&Co.'s claims occurred in this District.

7. All conditions precedent to the filing of this action have been performed, excused, waived, or would have proven futile if attempted.

8. LL&Co. has agreed to pay the attorneys' fees and costs incurred by Caldera Law PLLC for the prosecution of this action.

## THE PARTIES

9. Plaintiff, LL&Co., is a "limited company" duly organized and existing under the laws of the United Kingdom, with its principal place of business in London, England.

10. Defendant, 888 Brickell, is a Delaware limited liability company, with its principal place of business in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

### A. LL&Co.'s Scope of Work and Creation of VR Experiences for Defendant

11. LL&Co. is a London-based company comprised of artists who develop scale models, creative technology, film, CGI, and VR experiences for architects and property developers.

12. Defendant engaged LL&Co. through a series of written agreements for the provision of various services for Defendant's Dolce&Gabbana branded building, which is currently in development on Brickell Avenue in Miami.

13. Specifically, on September 11, 2021, LL&Co. entered into the Consultancy Agreement with the Defendant (the "Consultancy Agreement"). *See* **Exhibit 1**.

14. Part of the scope of work under the Consultancy Agreement included the delivery of software for VR experiences of various locations for the Dolce&Gabbana building (the "VR Experiences"), which were created and delivered by LL&Co. in accordance with the agreement.

15. In August 2022, after LL&Co. submitted the VR Experiences created under the Consultancy Agreement, it gave a demonstration of the VR scenes to Defendant on an Oculus VR headset in Miami.

16. On August 10, 2022, Defendant provided LL&Co. with positive feedback regarding the VR Experiences and demonstration: "Thank you for making the trip over [from the UK]. The feedback was really positive from all sides, and the setup process looked pretty effortless against the other VR experiences we've had."

17. Indeed, Defendant's representatives were so pleased with the VR demonstration by LL&Co. that they asked LL&Co. to continue to work on the VR Experiences.

18. On February 15, 2024, the parties entered into the Owner-Vendor Agreement (the "Vendor Agreement"), which expanded the scope of work for the VR Experiences created pursuant to the Consultancy Agreement, including the creation of new VR scenes. *See* **Exhibit 2**.

19. On May 22, 2024, LL&Co. presented Defendant with a progress update on the VR Experiences in Defendant's Miami office. Present at the meeting were Defendant's representatives, including CEO Michael Stern, as well as Defendant's new investor, Gianluca Vacchi.

20. Once again, Defendant's representatives were thrilled with the VR deliverables, and requested that LL&Co. work on additional scenes to visualize additional areas of the development, including a duplex apartment.

21. Defendant was also satisfied enough with LL&Co.'s work that it flew in a VIP Financial Times journalist to Miami and presented the VR Experiences in June 2024.

22. In or around August 7, 2024, the parties entered into the Consultant Additional Service Request "ASR" (the "ASR"), which included further revisions to LL&Co.'s scope of work in connection with the VR Experiences. *See* **Exhibit 3**.

23. Also in August 2024, LL&Co. made another presentation of the updated VR Experiences in Defendant's Miami office, after which Defendant sent an e-mail with additional requested revisions and expressed its gratitude for LL&Co. services:

> "Thank you and your team for all the effort, and making the lengthy trip across the pond. We so appreciate the thoughtfulness and craft you continue to bring to this project."

24. All portions of the VR Experiences covered by the Consultancy Agreement, Vendor Agreement, and the ASR were created and delivered to Defendant pursuant to the terms of the respective agreements by November 2024.

25. Defendant did not raise any objections or issues with the VR Experiences upon their delivery in November 2024.

26. To Plaintiff's knowledge, Defendant utilized the delivered VR Experiences in at least two social media posts on Instagram and LinkedIn on January 14, 2025.

**B. Outstanding Invoices for the VR Experiences**

27. In connection with the VR Experiences, LL&Co. issued a series of invoices to the Defendant, which were paid by the Defendant, with the exception of Invoice No. INV-210248 and Invoice No. INV-210256 (collectively, the "Outstanding Invoices").

28. Invoice No. INV-210248 was issued on June 10, 2024, pursuant to the Vendor Agreement, in the amount of $113,683.00. *See* **Exhibit 4**.

29. Pursuant to Section 5 of the Vendor Agreement, "[a]bsent agreement to the contrary by the parties," the Defendant was required to "make properly due and owing payments to" LL&Co. "within sixty (60) days from [the Defendant's] receipt of [LL&Co.'s] invoice." Ex. 2, § 5.

30. Pursuant to the terms of the Vendor Agreement, payment for Invoice No. INV-210248 was due on August 9, 2024.

31. Invoice No. INV-210256, was issued on July 5, 2024 pursuant to the ASR, in the amount of $48,756.40. *See* **Exhibit 5**.

32. Pursuant to Section 2 of the Consultancy Agreement, 888 Brickell agreed that "[f]or the Services rendered in accordance with the terms" of the Consultancy Agreement, LL&Co. "shall be paid a fee in the amount and at the times provided for in" LL&Co.'s September 11, 2021 Proposal, attached to the Consultancy Agreement as Exhibit A (the "2021 Proposal"). Ex. 1, § 2.01, Ex. A. Pursuant to Paragraph 2 of the Terms & Condition in the 2021 Proposal, LL&Co.'s invoices were "to be paid in full…14 days from invoice." Ex. 1, Ex. A. at 14.

33. Not only did 888 Brickell fail to pay the Outstanding Invoices by the respective due dates, but it ignored LL&Co.'s repeated requests and inquiries regarding the past due payments.

34. Specifically, Mr. Lewis Quinn, LL&Co.'s Founder and Director, began requesting payment for the Outstanding Invoices from 888 Brickell's CEO, Michael Stern, in WhatsApp messages beginning in October 2024, and was either ignored or told that the payment for the invoices was forthcoming by Mr. Stern.

35. For example, on January 29, 2025, Mr. Stern represented that the payment for the invoices was "in this months pay cycle and will be released shortly," and then again indicated that the payment was "in the current pay cycle" on February 20, 2025.

36. Despite Mr. Quinn's numerous requests and Mr. Stern's assurances of forthcoming payments, the Outstanding Invoices remain unpaid to date and are now over 500 days past due.

**COUNT I**
**BREACH OF CONTRACT**
**(Consultancy Agreement and ASR)**
**Against Defendant 888 Brickell**

37. LL&Co. incorporates by reference the allegations contained in paragraphs 1 through 36 of this Complaint.

38. This is an action for breach of contract.

39. The Consultancy Agreement entered into by Defendant is a valid and binding contract with Plaintiff. *See* Ex. 1.

40. The ASR entered into by Defendant, which modified the scope of work with respect to the Consultancy Agreement, is a valid and binding contract with LL&Co. *See* Ex. 3.

41. LL&Co. has complied with its obligations under the Consultancy Agreement and ASR and was excused from further performance due to Defendant's breach.

42. Invoice No. INV-210256, was issued on July 5, 2024 pursuant to the ASR, in the amount of $48,756.40. *See* Ex. 5.

43. Payment for Invoice No. INV-210256 was due by July 19, 2024 pursuant to the Consultancy Agreement and ASR.

44. To date, Defendant has failed to pay the outstanding balance for Invoice No. INV-210256.

45. Pursuant to Section 8.02 of the Consultancy Agreement, 888 Brickell's "failure to make payments to" LL&Co. "in accordance with th[e Consultancy] Agreement [] constitute[s] substantial nonperformance" and a material breach of the Consultancy Agreement.

46. Defendant's failure to pay the balance of Invoice No. INV-210256 in full constitutes a material breach of its obligations under the Consultancy Agreement and ASR.

47. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages in the amount of $48,756.40, exclusive of interest.

WHEREFORE, LL&Co. respectfully requests that this Court enter a judgment in its favor and against Defendant for damages in the amount of $48,756.40, together with pre- and post-judgment interest, attorneys' fees and costs, and any such other and further relief deemed just, equitable, and proper under the circumstances.

**COUNT II**
**BREACH OF CONTRACT**
**(Vendor Agreement)**
**Against Defendant 888 Brickell**

48. LL&Co. incorporates by reference the allegations contained in paragraphs 1 through 36 of this Complaint.

49. This is an action for breach of contract.

50. The Vendor Agreement entered into by Defendant is a valid and binding contract with Plaintiff. *See* Ex. 2.

51. LL&Co. has complied with its obligations under the Vendor Agreement and was excused from further performance due to Defendant's breach.

52. Invoice No. INV-210248 was issued on June 10, 2024 pursuant to the Vendor Agreement, in the amount of $113,683.00. *See* Ex. 4.

53. Pursuant to Section 5 of the Vendor Agreement, "[a]bsent agreement to the contrary by the parties," the Defendant was required to "make properly due and owing payments to" LL&Co. "within sixty (60) days from [the Defendant's] receipt of [LL&Co.'s] invoice." *See* Ex. 2, § 5.

54. Pursuant to the terms of the Vendor Agreement, payment for Invoice No. INV-210248 was due on August 9, 2024.

55. To date, Defendant has failed to pay the outstanding balance for Invoice No. INV-210248.

56. Defendant's failure to pay the balance of Invoice No. INV-210248 in full constitutes a material breach of its obligations under the Vendor Agreement.

57. As a direct and proximate result of Defendant's breach, LL&Co. has suffered damages in the amount of $113,683.00, exclusive of interest.

WHEREFORE, LL&Co. respectfully requests that this Court enter a judgment in its favor and against Defendant for damages in the amount of $113,683.00, together with pre- and post-judgment interest, attorneys' fees and costs, and any such other and further relief deemed just, equitable, and proper under the circumstances.

**COUNT III**[1]
**UNJUST ENRICHMENT**
**(Invoice No. INV-210256)**
**Against Defendant 888 Brickell**

58. LL&Co. incorporates by reference the allegations contained in paragraphs 1 through 36 of this Complaint.

59. LL&Co. created and delivered the VR Experiences requested by Defendant with the expectation that Defendant would pay all of LL&Co.'s invoices associated with the products created and delivered to Defendant.

60. LL&Co. conferred a direct benefit upon Defendant by creating and delivering the VR Experiences. This benefit is of real and tangible value to Defendant.

[1] Count III is brought in the alternative to Count I.

61. Defendant failed to pay the balance of Invoice No. INV-210256 while retaining and using the VR Experiences.

62. Defendant had knowledge of the benefit conferred upon it by LL&Co. and voluntarily accepted and retained the benefit.

63. Under the circumstances, it would be inequitable and unjust for Defendant to retain the benefits conferred by LL&Co. because it failed to pay the balance of Invoice No. INV-210256 associated with the VR Experiences.

64. As a direct and proximate result of Defendant's actions, LL&Co. has suffered damages in the amount of $48,756.40, exclusive of interest and costs.

65. LL&Co. does not have an adequate remedy at law.

WHEREFORE, LL&Co. respectfully requests this Court enter judgment in its favor for damages in the amount of $48,756.40 against Defendant, including pre-judgment interest, post-judgment interest, attorneys' fees and costs, and grant any other and further relief deemed just and proper.

**COUNT IV[2]**
**UNJUST ENRICHMENT**
**(Invoice No. INV-210248)**
**Against Defendant 888 Brickell**

66. LL&Co. incorporates by reference the allegations contained in paragraphs 1 through 36 of this Complaint.

67. LL&Co. created and delivered the VR Experiences requested by Defendant with the expectation that Defendant would pay all of LL&Co.'s invoices associated with the products created and delivered to Defendant.

[2] Count VI is brought in the alternative to Count II.

68. LL&Co. conferred a direct benefit upon Defendant by creating and delivering the VR Experiences. This benefit is of real and tangible value to Defendant.

69. Defendant failed to pay the balance of Invoice No. INV-210248 while retaining and using the VR Experiences.

70. Defendant had knowledge of the benefit conferred upon it by Plaintiff and voluntarily accepted and retained the benefit.

71. Under the circumstances, it would be inequitable and unjust for Defendant to retain the benefits conferred by LL&Co. because it failed to pay the balance of Invoice No. INV-210248 associated with the VR Experiences.

72. As a direct and proximate result of Defendant's actions, LL&Co. has suffered damages in the amount of $113,683.00, exclusive of interest and costs.

73. LL&Co. does not have an adequate remedy at law.

WHEREFORE, LL&Co. respectfully requests this Court enter judgment in its favor for damages in the amount of $113,683.00 against Defendant, including pre-judgment interest, post-judgment interest, attorneys' fees and costs, and grant any other and further relief deemed just and proper.

**COUNT V**
**ACCOUNT STATED**
**(Outstanding Invoices)**
**Against Defendant 888 Brickell**

74. LL&Co. incorporates by reference the allegations contained in paragraphs 1 through 36 of this Complaint.

75. Before the institution of this action, LL&Co. and Defendant had business transactions between them between September 2021 and November 2024, and the resulting balance was agreed, which Defendant agreed to pay.

76. LL&Co. issued Defendant the Outstanding Invoices, attached as Exhibits 4 and 5.

77. The Outstanding Invoices are past due and remain unpaid.

78. Defendant owes LL&Co. $162,439.40 in accordance with the accounts attached as Exhibits 4 and 5.

WHEREFORE, LL&Co. respectfully requests this Court enter judgment in its favor for damages in the amount of $162,439.40 against Defendant, including pre-judgment interest, post-judgment interest, attorneys' fees and costs, and grant any other and further relief deemed just and proper.

Dated: March 13, 2026

Respectfully submitted,

**CALDERA LAW PLLC**
7275 NW 1st Ct., Unit 104
Miami, FL 33150
Telephone: (786) 321-3811

*/s/ Anthony Narula*
Anthony Narula
Florida Bar No. 56546
anthony@caldera.law
Joanna Niworowski
Florida Bar No. 1031440
joanna@caldera.law

*Counsel for Plaintiff*